FRANCISCUS et al., Appellants, vs. BRIDGES & CARROLL, Respondents.

1. *It seems,* that a suit may be commenced against several defendants by attachment as to some and by summons as to others.
2. Where a suit was thus commenced, and there was personal service and a general judgment against all the defendants, which was afterwards set aside as to one of them on his application, *it was held* erroneous for the court to dismiss the action as to him, upon the ground of the separation. The new code contemplates different judgments in the same action.

*Appeal from St. Louis Circuit Court.*

*Leslie & Barrets,* for appellants.

*T. B. Hudson,* for respondents.

GAMBLE, Judge, delivered the opinion of the court.

The plaintiffs filed their petition against Bridges and Carroll, and having filed an affidavit that Carroll had fraudulently conveyed his property so as to hinder and delay his creditors, caused an attachment to issue against him and a summons against Bridges. The writ having been served upon the defendants as 'a summons, and by attaching the property of Carroll, a judgment by default was entered, and afterwards, on motion of Carroll, the default, as to him, was set aside, and he filed a plea in the nature of a plea in abatement under the statute. The jury being sworn to try the issue on this plea, and having heard a part of the evidence, the defendant, Carroll, by his counsel, moved the court to dismiss the case out of court, as to him, because it had been commenced by attachment against one defendant and summons against the other, and there was on the record a judgment against Bridges, the other defendant, in full force. This motion was sustained, and the cause dismissed as to Carroll.

1. Although the institution of a suit against several defendants, by suing out the ordinary process of summons against some of them and attachment against others, is a novelty in our practice, yet we are not prepared to admit that the practice is improper. The writ of attachment, under our law, contains a clause of summons which is to be served just as the ordinary writ is executed, and in this case both defendants were thus summoned.

2. But in this case, after a judgment was entered upon the personal service, against both defendants, which warranted a general execution against both, the defendant, Carroll, upon his affidavit, has the judgment set aside as to himself, and proceeds to make his defence. As he had thus become separated from his co-defendant, upon his own application, and was making his separate defence, it was erroneous to permit him to make the very separation which he had pro-

cured, the ground of his discharge from the action. Whether the court should have permitted him to open the judgment, as to himself, and leave it in force as to his co-defendant and partner, is a question not necessary now to be noticed; but after his motion was granted, it surely should not have been permitted to become the ground on which he was to be discharged from the action. Under the new code, article seventeen, section one, judgment may be rendered against one or more of several defendants; and, therefore, when the parties were separated, as in this case, the proceeding against Carroll should have been conducted as if he had been sole defendant. That section contemplates different judgments in the same action. The judgment is reversed and the cause remanded for further proceedings. The other judges concur.